1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

CORBIN E.,

11

Plaintiff,

v.

12

COMMISSIONER OF SOCIAL
SECURITY,

13

14

Defendant.

CASE NO. 2:23-CV-1729-DWC

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

15      Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial

16 of his applications for Supplemental Security Income (SSI) benefits and Disability Insurance

17 Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the

18 parties have consented to proceed before the undersigned. Dkt. 2. After considering the record,

19 the Court concludes that this matter must be reversed and remanded pursuant to sentence four of

20 42 U.S.C. § 405(g) for further proceedings.

21 **I.   BACKGROUND**

22     Plaintiff filed applications for SSI and DIB on August 1, 2017. Administrative Record

23 (AR) 241–54. He alleged disability beginning November 1, 2015. *See id.* After his applications

24

were denied initially and upon reconsideration, he filed a written request for a hearing. AR 116–17. An Administrative Law Judge (ALJ) held hearings in June 2019 (AR 37–42 and September 2019 (AR 43–50) and issued a decision finding Plaintiff not disabled in October 2019 (AR 12–36) which was subsequently reversed and remanded in a decision by U.S. Magistrate Judge Richard Creatura (AR 599–608). The ALJ held a new hearing on August 9, 2023. AR 534–65. He issued a decision finding Plaintiff not disabled on September 13, 2023. AR 503–27. Plaintiff failed to file exceptions with the Appeals Council, making the ALJ's decision Commissioner's final decision subject to judicial review. *See* 20 C.F.R. §§ 404.984(a), 416.1484(a). Plaintiff filed a Complaint in this Court on November 15, 2023. Dkt. 5.

## II.   STANDARD

Pursuant to 42 U.S.C. § 405(g) this Court may set aside the Commissioner's denial of social security benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III.   DISCUSSION

### A.   Medical Opinions

Plaintiff challenges the ALJ's assessment of the medical opinions of Mark Hawley, PhD; Luci Carstens, PhD; and Nicholas Goodwin, DNP. *See* Dkt. 9 at 2–15. Under the 2017 regulations applicable to Plaintiff's claim, an ALJ considers all medical opinions and prior administrative findings in the record without giving any deference or specific evidentiary weight to any of them. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must explain how he considered the persuasiveness of each opinion using, at a minimum, the factors of supportability and consistency. 20 C.F.R. § 404.1520c(a)–(b), 416.920c(a)–(b). The persuasiveness

1    determination must be supported by substantial evidence. *Woods v. Kijikazi*, 32 F.4th 785, 792

2    (9th Cir. 2022).

3        1.  Dr. Goodwin

4        In June 2023, Dr. Goodwin opined several marked limitations in Plaintiff's abilities to

5    sustain concentration and persistence, interact socially, and adapt to changes. AR 811–12.

6        The ALJ found Dr. Goodwin's opinion unpersuasive. With respect to supportability, the

7    ALJ noted Dr. Goodwin "simply checked boxes and provided little explanation" for his opinion.

8    AR 517. However, "an opinion cannot be rejected merely for being expressed as answers to a

9    check-the-box questionnaire." *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) (citation

10   omitted); *see also Kitchen v. Kijakazi*, 82 F.4th 732, 740–41 (9th Cir. 2023) (affirming

11   "discounting of a medical opinion set forth in a checkbox form *with little to no explanation*")

12   (emphasis added); *Stiffler v. O'Malley*, 102 F.4th 1102, 1107 (9th Cir. 2024) (affirming rejection

13   of medical opinion that "included only conclusions regarding functional limitations *without any*

14   *rationale for those conclusions*") (emphasis added). Here, Dr. Goodwin explained the opinion

15   was based on Plaintiff's anxiety episodes. *See* AR 814 ("During an anxiety event he is unable to

16   calm, travel or interact in anyway. These events are often untriggered and can happen daily.").

17   Thus, Dr. Goodwin did not fail to provide any rationale for his conclusions and this was not a

18   sufficient basis on which to discount the opinion.

19       The ALJ found the opinion inconsistent with treatment notes showing Plaintiff was

20   cooperative, pleasant, engaged, alert, attentive, and oriented, displayed intact judgment, and had

21   focused attention at some appointments. *See* AR 517. However, the ALJ erred by "improperly

22   cherry-picking," *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014), some medical evidence

23   without acknowledging treatment notes indicating Plaintiff continued to have the significant

24

anxiety and depressive episodes on which Dr. Goodwin's opinion was based. *See e.g.*, AR 817 ("client is agitated today, pacing and trying to calm self"); 821 (same); 826 ("experiencing anxiety episode and during virtual appt told his [significant other] he couldn't do it or participate and left . . . . This is a regular almost daily occurrence of crippling anxiety. . . . [W]ill occur randomly[.]"); 903 ("difficult to assess progress due to high anxiety due to apartment installation and fire alarm checking"); 907 ("Cont to have daily depression"); 918 ("mood swings"); 933 ("reports more depression lately"); 938 ("high anxiety today," "was struggling today, mostly spoke with [significant other], he was pacing in background").

The ALJ found the opinion inconsistent with "statements of improvement with treatment." AR 517 (citing AR 442, 794–95, 868, 903). But "some improvement" in a person's symptoms "does not mean that the person's impairments no longer seriously affect her ability to function in a workplace." *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001). To the extent the ALJ found Plaintiff's symptoms were resolved from treatment, such a finding was not supported by substantial evidence. Most of the evidence cited by the ALJ does not suggest Plaintiff's anxiety and depressive episodes were resolved or even improved from treatment. *See* AR 794–95 (only listed effect of medication "more energy, sleeping a bit better"); 868 ("reports diazepam was more effective [than Xanax]" but "cont[inues] to have daily depression"); 903 ("Vyvanse helped with motivation and volution" but nevertheless that it was "difficult to assess progress due to high anxiety"). The single treatment note indicating "anxiety is lessened" (AR 442) was from September 2017, preceding the above-cited treatment notes indicating Plaintiff continued to have anxiety episodes.

The ALJ also found the opinion inconsistent with Plaintiff's activities of driving, visiting and keeping in touch with friends and family, playing videogames, and going to the library and

1    grocery store. AR 517. However, Plaintiff testified he stopped driving in 2018 (AR 539) and the

2    ALJ erred by failing to acknowledge evidence suggesting Plaintiff's ability to play video games

3    was oftentimes affected by his impairments. *See* 821 ("struggling to focus on tv and video

4    games"); 823 (same). Although Plaintiff's keeping in touch with friends and family may be

5    inconsistent with some social limitations, it is not necessarily inconsistent with limitations in

6    getting along with coworkers or supervisors who Plaintiff does not know, an area Dr. Goodwin

7    opined Plaintiff would be markedly limited in. *See* AR 813.

8           In sum, the ALJ failed to properly evaluate Dr. Goodwin's medical opinion.[1] The

9    Commissioner does not dispute that such an error requires reversal, so the Court reverses

10   accordingly. *See* Dkt. 14; *Ferguson v. O'Malley*, 95 F.4th 1194, 1204 (9th Cir. 2024) ("The

11   Commissioner does not contend that the ALJ's error was harmless. Consequently, we reverse the

12   judgment . . . .").

13          2.  <u>Dr. Hawley</u>

14          In June 2019, consultative examiner Dr. Hawley opined Plaintiff was limited in

15   interacting with the public and was "not capable of full-time employment." AR 474. The RFC

16   encompassed a reference to Plaintiff having limited interaction with the public. AR 517. Also,

17   the ALJ stated the statement about not being capable of full-time employment was an opinion on

18   an issue reserved to the Commissioner. 20 C.F.R. § 416.920b(c)(3)(i)); AR 517. Plaintiff raises

19   no argument challenging these assessments (*see* Dkt. 9 at 7–10).

20          Dr. Hawley also opined Plaintiff had marked limitations in his abilities to adapt to

21   changes, maintain regular attendance, interact with coworkers, and meet workplace interpersonal

22

23   _____

     [1] The ALJ also said Dr. Goodwin did not review treatment notes or examine Plaintiff (AR 517) but Commissioner
24   acknowledges this was incorrect (*see* Dkt. 14 at 5 n.2).

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 5

demands. AR 474. The ALJ discounted this part of the opinion because "Dr. Hawley did not provide any explanations to support these opined marked limitations." AR 517. This finding was supported by substantial evidence and served as a valid reason for discounting the opinion. Although Dr. Hawley conducted a mental status examination and described some of Plaintiff's medical history (*see* AR 472–74), the mental status examination found only mild and moderate impairments and Dr. Hawley's accompanying explanation does provide his rationale for the opined limitations. Plaintiff contends this Court found the ALJ's supportability finding erroneous in its previous determination (Dkt. 9 at 8) but this Court decided a different issue—it found the ALJ erred by discounting Dr. Hawley's opinion because it was based on Plaintiff's subjective complaints (AR 604), not that the ALJ erred by discounting the opinion because it provided no explanation.

Having found the ALJ reasonably rejected Dr. Hawley's opinion based on its lack of supportability, the Court need not determine whether the remaining reasons for rejecting the were erroneous, as any error with respect to those reasons would be harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012); *see also Woods*, 32 F.4th at 792–93 (finding proper consideration of one of the supportability-and-consistency factors to be an adequate basis to affirm an ALJ's decision).

**B.     Remaining Issues**

Having found that the ALJ erred in considering Dr. Goodwin's medical opinion, the Court need not consider whether the ALJ erred in evaluating Plaintiff's subjective testimony and Dr. Carstens' medical opinion. Rather, on remand, Commissioner is directed to reassess all of the medical evidence and, if appropriate, reconsider its residual functional capacity assessment and assessments at step four and step five.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 6

1

**C.      Remand**

2          Plaintiff requests the Court remand this matter with directions to award benefits. Dkt. 9 at

3   17–18. A remand for award of benefits is proper only if

4          (1) the record has been fully developed and further administrative proceedings would
           serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for
5          rejecting evidence, whether claimant testimony or medical opinion; and (3) if the
           improperly discredited evidence were credited as true, the ALJ would be required to find
6          the claimant disabled on remand.

7   *Trevizo*, 871 F.3d at 682–83 (citation omitted).

8          The Court has found that the second element is met, as the ALJ failed to provide legally

9   sufficient reasons for rejecting the medical opinion of Dr. Goodwin. However, even if the

10  opinions of Drs. Goodwin and Carstens were credited as true, they would not require a finding of

11  disability given the contrary opinions of state agency consultants (AR 516). *See* 20 C.F.R. §

12  416.920c(a) (new regulations do not require ALJ to defer or give weight to treating or examining

13  physicians); *Woods*, 32 F.4th at 791 (recognizing that the revised regulations stemmed, in part,

14  from disagreement with Ninth Circuit practice of crediting-as-true treating and examining

15  physicians' opinions and consequently awarding benefits based on the presumptive weight given

16  to those opinions). Additionally, the Court "must consider whether there are 'inconsistencies

17  between the claimant's testimony and the medical evidence in the record.'" *Dominguez v.*

18  *Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (quoting *Treichler*, 775 F.3d at 1105). Here, such

19  inconsistencies exist. *See e.g.*, AR 516 (ALJ describing evidence Plaintiff exaggerated certain

20  symptoms); *see also* Dkts. 9, 16 (failing to raise argument challenging ALJ's statements about

21  potential symptomatic exaggeration). Thus, the Court declines to remand with directions to

22  award benefits.

23

24

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

### IV.   CONCLUSION

For the foregoing reasons, the Court finds the ALJ improperly concluded that Plaintiff was not disabled. Accordingly, this matter is **REVERSED** and **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

Dated this 10th day of July, 2024.

David W. Christel
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 8